Filed 8/27/20  P. v. Garcia CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEXIS GARCIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B301279<br>(Super. Ct. No. 2016032805)<br>(Ventura County) |

Alexis Garcia appeals a judgment following conviction of assault with a semiautomatic firearm, and shooting a firearm at an occupied motor vehicle, with a finding of personal firearm use. (Pen. Code, §§ 245, subd. (b), 246, 12022.5, subd. (a).)[1]  We order the correction of the court minute order and abstract of judgment to reflect the oral pronouncement of judgment, but otherwise affirm.

---

[1] All statutory references are to the Penal Code unless stated otherwise.

*FACTUAL AND PROCEDURAL HISTORY*

In the early evening of September 16, 2016, Joshua Allred visited the Oxnard home of Eduardo Sandoval to collect payment of a claimed debt owed by Sandoval's younger brother. An argument ensued between Allred and Sandoval's stepfather. Allred left but soon returned with a crowbar. Sandoval's mother summoned police officers and Allred left again. Another man stood nearby and he also left with Allred.

Sandoval retrieved a baseball bat and chased in the direction of the second man through the street and into the alley. At the same time, Sandoval's friend, Alberto O'Campo, drove his truck into the alley.

A black Acura sedan with a damaged front fender was stopped in the alley. Garcia left the rear passenger seat of the vehicle, holding a black, gray, or chrome-colored firearm. Garcia fired two gunshots at Sandoval and three at O'Campo's truck. Sandoval was not injured but the truck sustained two passenger door gunshot-strikes and a shattered rear window.

Bystanders placed emergency calls to the police dispatcher reporting the shooting. One caller described the shooter as a passenger in a black Acura sedan with a damaged front fender.

Within a short time, a police officer located the black Acura sedan and effected a traffic stop. Garcia was a left rear-seat passenger. Sandoval identified the driver and Garcia in a field identification as being the occupants of the vehicle in the alley. Sandoval also identified Garcia as the man who fired the handgun at him and O'Campo.

Police officers discovered a black semiautomatic handgun in the backseat of the Acura sedan, underneath a cup holder. The handgun was loaded with nine rounds of a 10-round

2

magazine, with one round in the chamber. Other loose rounds were found in a case in the driver's door panel. Tests later revealed that Garcia had gunshot residue particles on each hand.

In a police interview, Garcia admitted that he went with Allred to the Sandoval home to collect a debt. Initially, Garcia denied firing a handgun, but then admitted that he fired the handgun at a truck.

At trial, Sandoval and O'Campo lacked recall of many circumstances of the incident, including the identification of the man firing the handgun. They also admitted that they were reluctant witnesses who were compelled to attend trial.

The jury convicted Garcia of assault with a semiautomatic firearm (count 1), and shooting a firearm at an occupied motor vehicle (count 2). (§§ 245, subd. (b), 246.) It also found that Garcia personally used a firearm in the commission of count 1. (§ 12022.5, subd. (a).) The trial court sentenced Garcia to a prison term of nine years, consisting of a six-year midterm for count 1 and a three-year low term for the personal firearm use enhancement. The court imposed but stayed sentence for count 2. It also imposed a $300 restitution fine, a $300 parole revocation restitution fine (suspended), an $80 court facilities assessment, and a $60 criminal conviction assessment, and awarded Garcia 500 days of presentence custody credit. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.)

Garcia appeals and contends that: 1) the trial court abused its discretion by excluding photographs of his companion's injured shoulder and 2) insufficient evidence supports his conviction of assault with a semiautomatic firearm. The Attorney General responds to the contentions and adds that the minute

3

order and the abstract of judgment do not accurately reflect the oral pronouncement of judgment regarding the stay of sentence for count 2.

*DISCUSSION*

*I.*

Garcia argues that the trial court abused its discretion by precluding evidence that Allred suffered from a bruised and contused shoulder. He contends that the court denied his constitutional right to fully present the defense of self-defense.

At trial, Police Officer James Crilly testified that Allred had a bruised and contused shoulder and thigh. Crilly took photographs of the bruises and defense counsel published the photographs to the jury. The trial court refused the defense request to admit the photographs into evidence, however, absent evidence regarding how Allred sustained the injuries and whether Garcia either saw the injuries being inflicted by Sandoval or O'Campo or knew that Sandoval or O'Campo inflicted them. The court ruled: "[It is] too speculative to guess what caused those injuries without some kind of evidence. [W]e don't know when those bruises occurred." Allred was an unavailable witness at trial. Nevertheless, the court instructed with CALCRIM Nos. 3470, 3472, 3474 regarding self-defense.

The trial court possesses broad discretion to determine the relevance of admissible evidence. (*People v. Jones* (2017) 3 Cal.5th 583, 609 [general rule]; *People v. Rodriguez* (1999) 20 Cal.4th 1, 9 [same].) Here the court did not abuse its discretion because there was no evidence that Allred sustained his injuries as a result of an interaction with Sandoval or O'Campo, or that Garcia witnessed or knew that the victims struck Allred. Thus,

4

the photographs were not relevant to Garcia's claim of self-defense.

As a general rule, a defendant has no constitutional right to present all asserted relevant evidence in his favor.  (*People v. Guillen* (2014) 227 Cal.App.4th 934, 1019.)  Application of the ordinary rules of evidence does not impermissibly infringe on the defendant's right to present a defense.  (*People v. Lucas* (2014) 60 Cal.4th 153, 270, overruled in part by *People v. Romero and Self* (2015) 62 Cal.4th 1, 53; *People v. Gonzales* (2012) 54 Cal.4th 1234, 1258.)  Thus, constitutional principles are not offended by rulings that exclude evidence that is marginally relevant, or that poses a risk of confusion of the issues.  (*Gonzales*, at p. 1259.)  In order for a defendant's constitutional rights to override the application of the ordinary rules of evidence, the proffered evidence must have more than slight relevance to the issues and must be of substantial and significant value.  (*Guillen*, at p. 1019.)  "A defendant's rights to due process and to present a defense do not include a right to present to the jury a speculative, factually unfounded inference."  (*People v. Mincey* (1992) 2 Cal.4th 408, 442.)

## II.

Garcia asserts that insufficient evidence supports his conviction of assault with a semiautomatic firearm because conflicting evidence exists whether the firearm used was a semiautomatic handgun or a revolver.  He points to discrepancies concerning the color of the handgun, whether he "cocked" or "charged" the weapon prior to shooting, and evidence that the handgun found in the rear seat was loaded with nine rounds of ammunition although five shots had been fired.  Garcia adds that

5

a police officer testified that an item was thrown from the Acura sedan just before the traffic stop.

In reviewing the sufficiency of evidence to support a conviction, we examine the entire record and draw all reasonable inferences therefrom in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  (*People v. Brooks* (2017) 3 Cal.5th 1, 57; *People v. Johnson* (2015) 60 Cal.4th 966, 988.)  Our review is the same in a prosecution primarily resting upon circumstantial evidence.  (*People v. Rivera* (2019) 7 Cal.5th 306, 331.)  We do not redetermine the weight of the evidence or the credibility of witnesses.  (*People v. Albillar* (2010) 51 Cal.4th 47, 60; *People v. Young* (2005) 34 Cal.4th 1149, 1181 ["Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact"].)  We must accept logical inferences that the jury might have drawn from the evidence although we may have concluded otherwise.  (*Rivera*, at p. 331.)  "If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*Albillar*, at p. 60.)  In our review, we focus upon the evidence that was presented, rather than evidence that might have been but was not presented.  (*People v. Story* (2009) 45 Cal.4th 1282, 1299.)

Here police officers discovered a black loaded semiautomatic firearm in the backseat of the Acura sedan in proximity to rear-seat passenger Garcia.  Moreover, during the field identification conducted by Officer Sergio Figueroa, Sandoval demonstrated that Garcia pulled back the top of the

6

firearm prior to shooting it. At trial, Figueroa testified that this gesture is referred to as "charging," and is used with semiautomatic handguns and not revolvers. This evidence and the reasonable inferences therefrom support the finding that the firearm Garcia used was a semiautomatic handgun and not a revolver. Conflicting evidence otherwise is a matter of witness credibility and concerns the weight of the evidence which we do not redetermine. (*People v. Young*, *supra*, 34 Cal.4th 1149, 1181 [statement of general rule].)

## *III.*

The Attorney General points out that the trial court's minute order and the abstract of judgment incorrectly state the five-year term for count 2 is to be served concurrently. At sentencing, the trial court imposed a five-year term for count 2 but ordered the sentence stayed pursuant to section 654.

Generally, the clerk's minutes and the abstract of judgment may not modify the oral pronouncement of judgment. (*People v. Leon* (2020) 8 Cal.5th 831, 855.) We presume that any discrepancy between the oral pronouncement of judgment and the sentence reflected in the court's minutes and the abstract of judgment is the result of clerical error. (*Ibid.*) Thus, we direct the trial court to amend the court's minute order and the abstract of judgment accordingly.

7

*DISPOSITION*

We order the trial court to correct the minute order and the abstract of judgment regarding the sentence imposed but stayed for count 2, but otherwise affirm. The court shall forward the amended documents to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

Rocky J. Baio, Judge

Superior Court County of Ventura

_____

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.